UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 1:86-cr-00030-IT |
| | * | |
| FRANK I. ENWONWU | * | |
| | * | |

MEMORANDUM AND ORDER
February 4, 2021

TALWANI, D.J.

    Petitioner Frank I. Enwonwu has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255 challenging his 1986 conviction (based on a guilty plea) for a drug-related crime that was retroactively classified as an "aggravated felony" following the 1996 enactment of the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA"). The government argues that the petition should be dismissed as untimely, that Mr. Enwonwu is ineligible for habeas relief because he is not in custody under a sentence, that his petition fails to state a cognizable claim, and that this court does not have jurisdiction over any challenge to his removal.

    The Supreme Court has recognized the "deeply rooted presumption against retroactive legislation." Vartelas v. Holder, 566 U.S. 257, 261 (2012) (holding that, as to a lawful permanent resident convicted of a crime before the effective date of IIRIRA, statutory provision that attached a new disability (denial of reentry) in respect to past events (the petitioner's pre-IIRIRA offense, plea, and conviction) did not apply to those past events). To the extent that Mr. Enwonwu is seeking to directly challenge his removal, however, the court has no jurisdiction

over that claim. Enwonwu v. Gonzales, 438 F.3d 22, 24–25 (1st Cir. 2006) ("Enwonwu I").[1] Nor is a direct challenge to an order of removal based on the retroactive application of the statute likely to be successful. See e.g., Hinds v. Lynch, 790 F.3d 259, 264 (1st Cir. 2015) ("the ex post facto clause does not apply to deportation proceedings and "legislation retroactively making past criminal activity a new basis for deportation has been repeatedly upheld") (quoting United States v. Bodre, 948 F.2d 28, 32 (1st Cir. 1991)).

To the extent that Mr. Enwonwu's present challenge under 28 U.S.C. § 2255 is to the conviction itself, rather than the removal, the court is also without jurisdiction based on the rule against the filing of successive § 2255 petitions without leave of the Court of Appeals. Although not raised by the parties, court records reflect that Mr. Enwonwu has filed two other habeas actions challenging his criminal conviction, both asserting that he was not appraised of the immigration consequences before pleading guilty. See Petition, Enwonwu v. United States, No. 05-cv-12053-JLT-RBC ("First 2255 Petition") (D. Mass. Oct. 11, 2005), ECF No. 1; Enwonwu v. United States, No. 06-cv-10286-JLT ("Coram Nobis Petition") (D. Mass. Feb. 10, 2006), ECF No. 1. The magistrate judge to whom the First 2255 Petition was referred recommended denying the habeas petition after finding that Mr. Enwonwu was not "'in custody' as a result of that sentence at the present time and, consequently, [wa]s not entitled to relief under Section 2255 . . . ." R. & R. at 1, First 2255 Petition (Dec. 8, 2005), ECF No. 10. Mr. Enwonwu objected,

---

[1] In Enwonwu I, Mr. Enwonwu brought a habeas action under 28 U.S.C. § 2241 in federal district court "on the basis, inter alia, that removing him from the United States would violate substantive due process under the state-created danger theory because he is likely to be tortured on his return to Nigeria." 438 F.3d at 25. After the enactment of the REAL ID Act, Pub.L. No. 109–13, § 106, 119 Stat. 302, 311 (2005) (codified as amended at 8 U.S.C. § 1252), the case was transferred to the First Circuit. Id. The First Circuit concluded that "a non-citizen trying to avoid removal from the country states no substantive due process claim on a state-created danger theory." Id.

stating that he would "recharacterize his 2255 motion to the Writ of Error Coram Nobis and motion to Vacate, Correct or Modify a Sentence" since the recommendation had "concluded that 2255 is not available."  Pet'r's Objs., First 2255 Petition (Dec. 16, 2005), ECF No. 12. After the District Judge adopted the report and recommendation and entered judgment in favor of the respondent, Mr. Enwonwu filed the Coram Nobis Petition. The district court denied the Coram Nobis Petition, and on appeal of that judgment, the First Circuit affirmed. Enwonwu v. United States, 199 Fed. Appx. 6, 7 (1st Cir. 2006) ("Enwonwu II").

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) strips this court of jurisdiction to hear "second and successive" petitions for habeas relief under 28 U.S.C. § 2255 without a certification from the Court of Appeals that the petition contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999) (citing 28 U.S.C. § 2255(h)). AEDPA does not define what is and is not a second and successive petition and courts have held that a second in number petition does not constitute a "second and successive" petition "if the earlier petition terminated without a judgment on the merits." Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997) (citing 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 28.3a, at 916–20 (2d ed. 1994)). Here, although the prior § 2255 petition was denied only on the ground that Mr. Enwonwu was not eligible for relief under § 2255 because he was not in custody, see R. & R. at 1, First 2255 Petition (Dec. 8, 2005), ECF No. 10, and it does not appear from the First Circuit's decision that it was aware that Mr. Enwonwu had originally filed under § 2255, the

First Circuit addressed the merits of the underlying claim of ineffective assistance of counsel. It held that even if the extraordinary remedy of the coram nobis writ were available to address the legal error raised by Mr. Enwonwu, First Circuit precedent made it "doubtful that Enwonwu's primary claim—that his counsel was ineffective in failing to advise him of the deportation consequences of his plea—constitutes error at all." Enwonwu II, 199 Fed. Appx. at 7.[2] On this record, the court finds that Mr. Enwonwu may not bring a second successive petition under § 2255 without leave of the Court of Appeals.

Accordingly, as this court is without jurisdiction to consider Mr. Enwonwu's § 2255 habeas petition, the court does not reach Respondent's remaining arguments. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

Date: February 4, 2021                                      /s/ Indira Talwani
                                                             United States District Judge

---

[2] The First Circuit cited United States v. Gonzalez, 202 F.3d 20, 25 (1st Cir. 2000), which was subsequently abrogated by Padilla v. Kentucky, 559 U.S. 356 (2010) (requiring defense counsel to advise a defendant about the risk of deportation). However, the Supreme Court has concluded that Padilla does not apply retroactively. Chaidez v. U.S., 568 U.S. 342 (2013).